## THE PEOPLE *v.* PABÓN.

### APPEAL from the District Court of Mayagüez.

No. 30.—Decided October 22, 1904.

EVIDENCE—MINUTES OF TRIAL—PUBLIC DOCUMENT—GENUINENESS AND VALIDITY.—The minutes of a trial certified by the clerk of the court is a public document and is admissible in evidence, the genuineness and validity of which is conclusive until the contrary is proved.

ID.—WITNESSES.—There is no legal provision which prevents the employees of the office of a district attorney from acting as witnesses in a criminal trial for the purpose of testifying to facts which occurred in their presence and concerning which only they and the district attorney have knowledge.

PERJURY—COMPETENT OFFICIAL.—The statement made by a person under oath before a competent official, such as the prosecuting attorney, as to a material fact whose falsity was known to the affiant, constitutes the crime of perjury.

ID.—The fact that the defendant was ignorant of the importance of the false statement which he made, and that such statement did not affect the result of the case in which it was made, does not constitute a defense in a prosecution for perjury, since it is sufficient, to constitute such crime, that the statement is material and that it is utilized for the purposes of the case in which it was made.

The facts are stated in the opinion.

*Mr. Eduardo Acuña* for appellant.

*Mr. Rossy, Fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the following opinion of the court:

The case submitted for the decision of this Supreme Court is an appeal prosecuted by Antonio Pabón Vélez from a judgment of the District Court of Mayagüez, of the 12th of May, last, sentencing him for the crime of perjury to the penalty of two years of imprisonment at hard labor and to

the payment of the costs of the prosecution. The prosecuting attorney of said court, on the 21st of October of the preceding year, presented the following information against Antonio Pabón Vélez:

"On the 24th day of November of the year 1902, the said Antonio Pabón y Vélez made an affidavit before the prosecuting attorney of this district, then Mr. F. L. Cornwell, in the case against Genaro Ramos, for the crime of seduction of the young woman Belén Pabón, in which he deposed as true, with knowledge of its falsity, to the fact that on the night of the 11th of October of the same year, while Federico Ramos and Ramón Montalvo were together in the road in front of the house of Gregorio Pabón, he saw a person pass, dressed in black, who entered the kitchen of the house of said Gregorio Pabón, and that a few moments afterwards Genaro Ramos, who was the same person whom he saw enter, approached him and his companions and stated to them the following: 'As you saw me enter the house of Gollo Pabón, you will imagine more or less why I did so, and I request you to maintain the greatest secrecy in regard to the same for the reason that I have offered to marry Belén;' thereby giving them to understand that he had carnal intercourse with Belén, who up to that time had been reputed to be chaste; for upon being called as a witness for the prosecution on the jury trial of said case, held on the 12th day of the present month of October, he testified before the court that he was then telling the truth, that he knew Genaro Ramos and that he did not know whether he sustained relations with the young woman Belén Pabón; that he did not see anybody enter or leave the house of the latter, and that Belén obliged him to say that he had seen Genaro Ramos in her house, but that he had not seen anything to which he had testified before the prosecuting attorney, and that at the present time the said Belén was considered as a dishonored young woman in the community. This act is contrary to the statute in such cases made and provided, and against the peace and dignity of the People of Porto Rico. Libertad Torres Grau, District Attorney. The foregoing information is based upon the testimony of witnesses examined before me under oath, and I solemnly believe that there is just cause for presenting it to the court. Libertad Torres Grau, District Attorney. Subscribed and sworn to before me, this 21st day of October, 1903. Juan Arroyo Mestre, Clerk of the Court."

Upon the arraignment of the defendant he pleaded not guilty and asked to be tried by a jury, which right was granted to him. The jury was legally impaneled and the trial held on the 9th of May, last, the prosecuting attorney having produced as evidence of the facts upon which the information is founded, a certified copy of the minutes of the jury trial against Genaro Ramos for the seduction of the young woman Belén Pabón, which minutes contain the affidavit which was made and suscribed by the man now accused of perjury before F. L. Cornwell, who was then performing the duties of the office of prosecuting attorney of Mayagüez, and the statement which he made at the time of the trial; and although he acknowledged his signature and added that his statement was previously read to him, he expresses himself in the second statement in language completely contrary to his previous statement, going so far in the former as to say that he did not know whether Genaro Ramos and Belén Pabón sustained improper relations, of affirming that he did not see anybody enter her house, and that he did not talk with any one that night; adding that this latter statement is the truth, and that if he had previously stated anything to the contrary, it was because the young woman obliged him to say that he had seen Genaro Ramos enter her house. This documentary evidence was admitted by the court, and counsel for the defendant took an exception.

In the course of the trial the district attorney, who was then Mr. F. L. Cornwell, testified, as also two clerks of the office of the district attorney by names of Bernardo Bocanegra and Pablo Verga, and upon being shown by the district attorney the statement made before him by Pabón for them to identify the same, counsel for the defense objected thereto, and as said evidence was admitted by the court, said counsel took an exception.

The evidence for the defense, consisting of that of witnesses, all of whom were members of the jury on the trial

for seduction, was taken, and although some of them stated that they did not remember anything, the majority of them testified that Pabón contradicted himself on the trial; and Juan B. Balsac adds that Pabón Veléz did not want to tell the truth on the 12th of October. The defendant refused to testify. The parties alleged such matters as they deemed conducive to their rights, and the jury, having been duly instructed and having retired to deliberate, returned in a few moments with a verdict finding Antonio Pabón Veléz guilty of the crime of which he was charged. His counsel gave notice of a bill of exceptions, and at his request this intention was communicated to the prosecuting attorney. The bill of exceptions was presented to be passed upon according to the provisions of the law, and in order that it might serve upon the appeal which it was intended to take from such judgment as might be rendered.

The exceptions are as follows: 1. That the certified copy of the minutes of the trial in the prosecution against Genaro Ramos for seduction was improperly admitted for the reason that the original minutes from which it was taken is inaccurate, null and void, inasmuch as statements were incorporated therein which are absolutely untrue; and that said minutes are invalid for the reason that they are not authorized by the parties who intervened, the more so because there is no provision in the law prescribing that the clerk should draft the minutes and set forth therein what had occurred, without the reading and approval thereof by the parties. 2. That the prosecuting attorney was permitted to show to two clerks, who are said to be from the office of the prosecuting attorney, the affidavit which he took as the basis of the information, when said clerks have no authority nor are they competent to identify the contents of the affidavit, since the same should be taken by the prosecuting attorney only; and concludes requesting the trial judge to pass upon said exceptions for the purposes of the appeal, taking into con-

sideration the testimony of the witnesses for the defense and the fact that no evidence was adduced to show that what the defendant testified to in the first place was not true.

That bill of exceptions appears to be signed by the judge. On the 12th of May last, judgment was rendered sentencing the defendant to the penalties referred to in the beginning. An appeal was taken from said judgment and having been allowed, the necessary record was forwarded to this court, and after opposing the appeal, counsel for the appellant appeared and orally sustained his opposition thereto, while the latter sustained the exceptions which he had interposed in the Mayagüez court, the exposition of which has been made in the course of this decision.

We are of the opinion that the minutes of the trial constitute a public document and that the clerk is the only one who can issue a certified copy of the same, the genuineness of which is indisputable and the contents of which are valid, so long as the falsity thereof is not proven. The clerk, at the time of issuing and transmitting it to the justice of the peace of Mayagüez at his instance, states that it agrees with the original; and this statement that it does so agree has not been impeached in the slightest degree. It was for that reason that the prosecuting attorney produced it upon the trial as evidence of the information and that the court admitted it, thereby fulfilling the highest ends of justice, and without thereby depriving the defendant of any right necessary to his complete defense. The facts set forth in that certified copy of the minutes must now be accepted as true, and in it appears an affidavit sworn to and subscribed by Pabón before the prosecuting attorney and another essentially contradictory statement; and in addition thereto, the first categorical affirmation of the guilt of Ramos, and the other, made on the trial against the latter for seduction, is an affirmation of his innocence. A greater variance is not possible between the statements of the same individual who knows how to

write and who voluntarily testified. Furthermore there is nothing to prevent the employees of the office of the prosecuting attorney from acting as witnesses in a criminal trial. They assuredly heard Pabón relate the facts before the prosecuting attorney, they witnessed the reading of the affidavit and heard him say that he agreed to the same, and, finally, they saw him place his signature thereon. These persons have not deposed to technical or expert details, but to facts which they only, together with the prosecuting attorney, could have witnessed; and in order to strengthen the documentary evidence and the testimony of the prosecuting attorney, these witnesses were accepted, they having, by means of their testimony, dissipated the doubt which might have existed as to whether the statement of Pabón was due to coercion or to other causes not springing from his own free will.

But do the facts as they are presented for our consideration constitute the crime of perjury? Undoubtedly they do. The prosecuting attorney is authorized to adminster the oath which he required Pabón to take, and that oath was indispensable in his statement, which related to a material fact the falsity of which he knew, as he affirmed in his second statement made on the trial, and as may be inferred from the testimony of the witness Balsac in declaring that Pabón did not want to tell the truth. In that statement which Pabón made, swore to and subscribed before the prosecuting attorney, not even can he be favored by the fact that he was ignorant of the importance of its falsity, nor by the fact that it did not in reality affect the case in which it was given, because it is sufficient that such statement is material, as it undoubtedly is, and that it could have been utilized, as it was utilized, to affect the prosecution against Genaro Ramos for seduction. That is the doctrine found in sections 117 and 120 of the Penal Code. The exceptions set up having been discussed, and the facts having been considered in their judicial nature, we are of the opinion that the grounds upon which the appeal

is predicated should be overruled, and that the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justice Wolf concurred.

Justices Hernández and MacLeary did not sit at the hearing of this case.